CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## JANUARY TERM, 1916.

---

JAMES B. NORTHCUTT, APPELLEE, V. MISSOURI PACIFIC RAIL-
WAY COMPANY, APPELLANT.

FILED JUNE 3, 1916. No. 18710.

Costs: ATTORNEY'S FEE. Under the statute making a common carrier
liable for an attorney's fee in a suit wherein plaintiff recovers
damages for the loss of, or injury to, freight, the supreme court
is not authorized to allow plaintiff an attorney's fee for services
on appeal. Rev. St. 1913, sec. 6063.

APPEAL from the district court for Otoe county: JAMES
T. BEGLEY, JUDGE. Motion for allowance of attorney's fee.
*Motion denied.*

*B. P. Waggener, J. A. C. Kennedy* and *Philip E. Horan,*
for appellant.

*O. E. Leidigh* and *C. A. Robbins, contra.*

PER CURIAM.

In the district court for Otoe county plaintiff, a con-
signee, recovered a judgment against defendant, a common
carrier, for the loss of property in transit. Included in
plaintiff's recovery was an attorney's fee allowed pursuant
to statute. Rev. St. 1913, sec. 6063. Defendant appealed
to this court, where the judgment of the district court was
affirmed April 15, 1916, without an opinion. By motion
plaintiff now asks for the allowance of an additional fee
100 NEB.]                    (1)

for the services of his attorney in this court. The motion is resisted on the ground that the supreme court has no authority to make such an allowance. The statute authorizing an attorney's fee in addition to plaintiff's claim for damages for the loss of, or injury to, freight provides: "In the event such claim, which shall have been filed as above provided within ninety days from the date of the delivery of the freight in regard to which damages are claimed, is not adjusted and paid within the time herein limited, such common carrier shall be liable for interest thereon at seven per cent. per annum from the date of the filing of such claim, and shall also be liable for a reasonable attorney's fee to be fixed by the court, all to be recovered by the consignee or consignor, or real party in interest, in any court of competent jurisdiction." Rev. St. 1913, sec. 6063.

May the supreme court, upon affirming a judgment against a common carrier for loss of, or damage to, property in transit allow plaintiff a reasonable attorney's fee for services on appeal in addition to that allowed by the district court? Such an allowance is purely statutory. *Wallace v. Sheldon*, 56 Neb. 55. A party asking for an attorney's fee as part of his recovery must bring his case within the terms of the statute. *Eddy v. German Ins. Co.*, 51 Neb. 291. In the case just cited it was held that a statute directing the court rendering judgment against an insurance company to allow plaintiff a reasonable attorney's fee to be taxed as part of the costs did not authorize the supreme court, in affirming a judgment against the insurer, to allow plaintiff a fee in addition to that allowed by the district court. To the same effect is *Merriam Mortgage Co. v. St. Paul Fire & Marine Ins. Co.*, 97 Kan. 190.

The expression "all to be recovered by the consignee or consignor," as used in the Nebraska statute, seems to indicate that the legislature intended to limit the allowance of the attorney's fee to the court rendering judgment for the items enumerated, namely, damages, interest, and attorney's fee. The statutory power of the district court

to allow plaintiff an attorney's fee upon rendering judgment for plaintiff does not confer upon the supreme court power, in the event of an affirmance, to allow an additional attorney's fee for services on appeal, though plaintiff, by reason of such appeal has been compelled to incur additional expenses for legal services. *Sedgwick v. Dixon,* 18 Neb. 545; *Murray v. Swanson,* 18 Mont. 533; *State v. Thomas,* 76 Kan. 447.

Plaintiff relies upon *Louisville & N. R. Co. v. Dickerson,* 191 Fed. 705. The statute there construed provided, in a suit to enforce an order of the interstate commerce commission awarding reparation to plaintiff: "The petitioner shall not be liable for costs in the circuit court nor for costs at any subsequent stage of the proceedings unless they accrue upon his appeal. If the petitioner shall finally prevail he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit." 34 U. S. St. at Large, ch. 3591, sec. 5, p. 590. The court held that, upon affirming a judgment in favor of plaintiff, the circuit court of appeals was authorized to allow plaintiff a reasonable attorney's fee in addition to that allowed by the circuit court. The case is distinguishable. The federal statute contemplates the allowance of a reasonable attorney's fee, "if the petitioner shall finally prevail." The term "finally prevail" extends to the circuit court of appeals. If the petitioner shall finally prevail, he is entitled to an attorney's fee therein. The Nebraska statute contemplates that a reasonable attorney's fee shall be allowed as a part of the recovery, and it must therefore be allowed by the court rendering the judgment. An additional allowance in case of an unsuccessful appeal by the common carrier does not appear to have been contemplated by the legislature.

The motion is therefore

OVERRULED.