AUGUSTA BIERBACH, APPELLEE, v. MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION, APPELLANT.

FILED DECEMBER 29, 1916.   No. 19052.

**Insurance**: CONTRACT: LIABILITY: ESTOPPEL. A contract of insurance in a mutual assessment company ordinarily consists of the articles of incorporation and by-laws of the association, the application and the certificate, but when such an association sets out, as one of the prominent features of its certificate of membership, a synopsis of its by-laws in such form and substance as to lead the insured to believe that it contained all the provisions of the by-laws which applied to his certificate of membership, the insured may rely upon such synopsis, and, if liability accrues, the association will be estopped to deny its liability under a clause of its by-laws which it lead the insured to either overlook or to believe that it had no application to his certificate.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*Mahoney & Kennedy, Yale C. Holland* and *Guy C. Kiddoo,* for appellant.

*G. W. Shields & Sons, contra.*

MORRISSEY, C. J.

Defendant has appealed from a judgment of the district court for Douglas county, in the sum of $1,000, given on a certificate of membership issued by defendant to one Otto William Bierbach, which certificate was made payable to plaintiff. The first page of the certificate reads as follows:

"Certificate of Membership. Form 10.

"Mutual Benefit Health and Accident Association, Omaha, by this certificate of membership certifies: "That Otto Wm. Bierbach is a member of the Mutual Benefit Health and Accident Association, and while in good standing is entitled to benefits in such amounts, and under such conditions and limitations, as may be provided for in the articles of incorporation and by-laws of said association

in force on the date of the happening of the event on account of which any claim, under this certificate, is made; said articles of incorporation and by-laws, the application for membership and this certificate shall constitute the contract between the holder thereof and said Mutual Benefit Health and Accident Association.

"In witness whereof, we have hereunto affixed our official signatures and impressed the corporate seal of the association at Omaha, Nebraska, this 8th day of November, A. D. 1912.

(SEAL)          "(Signed)   H. S. Weller, President.
               "(Signed)   C. C. Criss, Treasurer."

The second page, printed in the same size type, is made up of nine paragraphs, duly numbered and subdivided. Omitting those not material here, it reads as follows:

"A Synopsis of Benefits under By-laws Governing Certificate of Membership, Form 10, now in effect.

"Accident Benefits.

"IV.   Specific Losses.   Whenever a member of this association shall, through external, violent and accidental means, receive bodily injuries which shall, independently of all other causes, result in one of the following specific losses within thirteen weeks from the date of the accident causing said injuries, payment will be made in accordance with the by-laws, not exceeding the following amounts:

Death, loss of both hands, both feet or both eyes.$1,000
Loss of one hand or one foot .....................350
Loss of sight of one eye .........................250

"General Provisions.

"(f)   The right of any member, or person claiming under any membership, to claim weekly benefits or indemnity shall be determined by the provisions of the articles of incorporation and of the by-laws in force at the time the accident occurred, or the disability due to sickness commenced.

"(g) Attention is called to these features of the by-laws, so that misunderstandings may be avoided should occasion arise to make claim. If you do not understand your contract as thoroughly as you might wish, write the home office. Any information within the power of the officers of the association to give will be promptly given."

This is followed on the succeeding page by the application for membership, which is in the usual form of applications for membership in such insurance companies, and includes the following provision:

"I hereby agree that I will accept the certificate of memberhip which may be issued to me subject to all the provisions, conditions and limitations contained in the articles of incorporation and by-laws of said association, as the same now are or as they may be legally amended and changed, and I agree to comply with all the provisions thereof. * * * I understand that this application is for a certificate of membership, Form 10, paying benefits in accordance with the by-laws, as shown on back hereof."

The original application is not incorporated in the bill of exceptions, and no by-laws are printed on the back of the copy of the application found on the certificate of membership.

While this certificate was in full force, Bierbach died as the result of accidentally taking carbolic acid. This case was tried on the theory that the unintentional or accidental taking of this poison constituted death through external, violent and accidental means, and the only real question in dispute is whether the recovery shall be for $1,000, as would appear from a casual reading of the synopsis of benefits, or whether the recovery shall be limited to a sum not exceeding $100, as fixed in subdivision A of section 14, article 13, by-laws of the association, entitled, "Restricted Benefits," and providing: "The accidental taking of poison; then, in all such cases mentioned in this paragraph, the limit of the association's

liability for weekly benefits, or other indemnity, shall not exceed the sum of one hundred dollars, anything in the by-laws to the contrary notwithstanding."

Defendant maintains that the contract is made up of the constitution and by-laws, the application and the certificate of membership taken together; while, on the other hand, plaintiff points out that this certificate is all printed on one sheet of paper consisting of four pages. The first page contains the certificate proper. The second contains the laws or synopsis of the laws governing and fixing defendant's liability. The third page contains the application, and the fourth page, the usual indorsements put on a policy of insurance.

The synopsis of benefits occupies a full page, the page usually occupied by the general provisions of an insurance policy, printed in large type and designated in the head notes as "Form 10, now in effect," and conveys the impression, not only that it forms a part of the certificate, but that it contains so much of the by-laws as relates to and governs this particular form of certificate. It says that if the insured dies as the result of external, violent and accidental means, the beneficiary shall receive a sum not exceeding $1,000. There is a total lack of suggestion that the recovery shall not exceed $100. That the insured came to his death through external, violent and accidental means is in effect admitted under the pleadings and on the theory on which the case was tried. Defendant argues at length that the contract of insurance consists of the certificate, the application and the by-laws, but argument on this point is not necessary. Defendant's proposition stands without dispute. The certificate and application are in evidence and speak for themselves. But what is to be taken as the by-laws? Are we to accept the synopsis of by-laws set out by the defendant itself, and constituting the second page of this certificate of membership, or shall we look to a separate document, which is incorporated in the bill of exceptions and claimed by defendant to be the by-laws governing the associ-

ation and which fix a different liability against defendant from the liability fixed in the synopsis printed on the certificate? The synopsis of benefits points out that in case of death the payment will not exceed the sum of $1,000. The statute in force at that time, of which the insured will be presumed to have had knowledge, fixed the recovery in a mutual assessment company, such as defendant, at not to exceed one assessment on each and every member in good standing. Reading this provision of the certificate in the light of the statute, any ordinary man would understand that the amount of recovery would be such amount as one assessment would raise, not exceeding the maximum fixed in the certificate.

The concluding clause of the synopsis of benefits is as follows: "Attention is called to these features of the by-laws, so that misunderstandings may be avoided should occasion arise to make claim. If you do not understand your contract as thoroughly as you might wish, write the home office. Any information within the power of the officers of the association to give will be promptly given." It will be noted that special stress is laid "on these features of the by-laws." Thus the unwary is led to believe that "these features" contain the provisions which are applicable to his form of certificate.

In this class of insurance, a contract consists of the articles of incorporation and by-laws of the association, the application and the certificate of membership, but when this association set out, as one of the prominent features of its certificate of membership, a synopsis of its by-laws in such form and substance as to lead the insured to believe that it contained all the provisions of the by-laws which applied to his certificate of membership, the insured had a right to rely upon this synopsis. Having pursued this course of conduct, defendant is estopped to deny its liability under a clause of its by-laws which, we may assume, it led the insured to either overlook or to believe that it had no application to his

certificate. *Binder v. National Masonic Accident Ass'n,* 127 Ia. 25.

There is only one remaining subject. That relates to the taxation of an attorney's fee. This question has been so thoroughly settled by this court in *Lancashire Ins. Co. v. Bush,* 60 Neb. 116, and cases therein cited, that a discussion of this point will serve no useful purpose. The amount allowed was $75, a reasonable fee for the service rendered.

The record is found free from error, and the judgment is

AFFIRMED.