CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## JANUARY TERM, 1918.

---

MARY F. KANEFT, APPELLEE, v. MUTUAL BENEFIT HEALTH
& ACCIDENT ASSOCIATION, APPELLANT.

FILED JANUARY 5, 1918. No. 19705.

1. **Insurance: CONSTRUCTION OF BY-LAW: RIGHT TO RECOVER.** Under the quoted provisions of defendant's by-laws, when a certificate holder dies, within 26 weeks from the receipt of an injury from which blood poisoning develops and causes his death, the beneficiary is entitled to recover the full amount specified under section 9a of the by-laws.

2. ————: ACCIDENT: NOTICE. Under the provisions of defendant's by-laws, quoted in the opinion, the time within which a certificate holder must give notice of an accident does not begin to run until such time as he has reason to believe that the injury received will constitute a claim under his certificate.

3. ————: ————: ————. *Held*, that notice was given within the time required by the by-laws.

4. ————: COSTS: ATTORNEY'S FEES. When plaintiff recovers a judgment on a contract of insurance, he may have taxed, by the trial court, a reasonable attorney fee as part of his costs, but the amount allowed must be for services in the trial court only. The trial court is not authorized to allow plaintiff an attorney fee for services on appeal. Rev. St. 1913, sec. 3212.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed as modified.*

*Mahoney & Kennedy* and *Guy C. Kiddoo*, for appellant.

*Gurley & Fitch, contra.*

(87)

MORRISSEY, C. J.

Plaintiff recovered a judgment for the death of her husband, Ollie J. Kaneft, who carried a certificate of membership in defendant company, and defendant has appealed.

May 5, 1915, Kaneft accidently struck his shin against the running board of an automobile. The blow caused a slight abrasion of the skin. He complained of the pain; but proceeded about his business. A few days later he developed chills and fever, and soon thereafter called a physician, who told him that he had la grippe, and treated him for that ailment. May 23 a different physician was called. This physician made an examination and told Kaneft that his sickness was due to the injury to his leg. He was then taken to a hospital, where he died four of five days later. Doctor Dunn, who was attending him at the time of his death, testified that there was a microscopic examination made of the blood, and "this blood culture contained a micro-organism that very frequently invades the blood in cases of so-called blood poisoning," and said that this organism entered through the wound. It is clear that Kaneft died of blood poisoning brought on from the injury to the leg.

At the close of the testimony the court directed a verdict in favor of plaintiff for the full amount of the certificate; and taxed as attorney's fees $500 for service in the district court and $200 for service in this court.

Defendant is a mutual beneficiary association. Section 15g of article XIII of its by-laws reads as follows:

"In event of disability or loss, due wholly or in part to, or resulting directly or indirectly from * * * septicæmia * * * blood poison in any form, * * * or in event of disability due partly to accidental injury and partly to sickness, then, in all such cases mentioned in this paragraph, the cause of disability shall be and is classed as sickness, and the

association shall only be liable therefor in accordance with the provisions made in the foregoing sections of this article for the payment of benefits for sickness, the original cause thereof notwithstanding."

Defendant offered this section of the by-laws in evidence, but it was excluded by the court. It insists that the word "loss" as used in this by-law means loss of life, and that the company is liable for sick benefits only. It requires no discussion to show that without the injury to the shin Kaneft would not have died. That injury was the proximate cause of his death. The organism mentioned by Dr. Dunn entered the blood through the abrasion caused by striking the leg against the automobile, and it, in turn, produced the disease from which he died.

Section 9a of article XIII of defendant's by-laws provides:

"Whenever a member of this association in good standing shall, through external, violent and accidental means, receive bodily injuries not hereinafter excepted which shall, independently of all other causes, result in death within twenty-six weeks of the date of the accident causing said injuries, the beneficiary designated by said member, if living, if not then the administrator or executor of the estate of said deceased member, shall be paid the amount collected from one assessment of $5 upon each member of the association holding certificate of membership form 25, in good standing on the date of the accident causing death, not to exceed five thousand dollars, subject only to the conditions, provisions and limitations of the by-laws in force at the time the accident occurred, out of which such claim arises."

Defendant would have us hold that under the quoted provisions of its by-laws it is liable only for the payment of benefits for sickness. Plaintiff denies that the by-laws were properly passed, or filed in the office of the auditor of public accounts, as required by

statute, but we do not deem it necessary to discuss these questions.

Article III of its articles of incorporation reads: "The nature of the business to be transacted by this association shall be to pay benefits to its members for loss of time by reason of accident or sickness, and to pay indemnities to members for loss of eyes or limbs effected solely by external, violent and accidental means, and to pay indemnities to the wives, relatives, dependents or legatees of members in case of accidental death, under such limitations only as may be provided in the by-laws adopted by the members of the association."

This declaration of the purposes of the company may be considered for the purpose of interpreting the provisions of its by-laws.

It will be noted that its purpose is to pay for loss of time by reason of accident or sickness, to pay "indemnities to members for loss of eyes or limbs * * * and to pay indemnities to the wives, relatives, dependents or legatees of members in case of accidental death."

The word "loss" occurs in each clause relating to payment where the claim arises because of sickness or disability other than death. But the word "loss" does not occur in the clause providing for the payment of indemnity where the accident proves fatal. It nowhere says "loss of life." Paragraph 15g of the by-laws uses the phrase "disability or loss," but does not say loss of life. It says "the cause of disability shall be classed as sickness," but it does not say the cause of death shall be so classed. Defendant is the author of this by-law, and under the well-settled rule of construction all ambiguities in its phraseology will be resolved in favor of plaintiff. It is not to be supposed that defendant intended to deny recovery for death under this policy except where the death follows immediately upon the accident.

A man buying accident insurance assumes that he is getting protection from cuts, blows and bruises and from their immediate consequences to his person. In stating the nature of its business, the defendant makes it clear that its business is to insure against such accidents. In paragraph d of section 15, it un-dertakes to define the word "loss" as applied to limbs and eyes, but our attention has not been directed to any place in the by-laws where it is made to apply to loss of life, and it cannot be held to control in case of death. As pointed out by the trial court in his ruling when excluding the by-law relied upon by de-fendant, by section 9a of its by-laws defendant specific-ally provides that in certain cases it shall pay an in-demnity for death, when the death results within 26 weeks from the date of the injury. It is inconceiv-able that an injury will result in death 26 weeks after its receipt without complications arising. The con-clusion seems irresistible that liability attaches where the injury is the proximate cause of death, although diseases may have set in or complications arisen, sub-sequent to the accident.

By section 17a of the by-laws it is provided:

"This association shall not pay or be liable for the payment of weekly benefits or other indemnity, either to a member of the association or to his beneficiary, or to any one, unless written notice of the occurrence of the accident or of the commencement of the sick-ness, giving full particulars in relation thereto, shall have been received at the office of the association within fifteen days after the date of said accident or commencement of said sickness."

The defendant denies liability because notice was not given within 15 days from the day Kaneft struck his leg against the automobile. The injury received, May 5, did not seem to be of consequence, nor did it prevent the insured from attending to his usual busi-ness, but May 9 he called a physican, who diagnosed

his trouble as la grippe, and continued to treat him for that ailment until May 23, when another physician was called. Then for the first time it was discovered that his condition was due to the injury to the leg. It will be noted from a reading of the paragraph of the by-law quoted above that notice is to be given of the "disability." In the instant case notice was given within 15 days from the time it was discovered that the injury to the leg was the cause of the disability.

In *Grant v. North American Casualty Co.*, 88 Minn. 397, where a policy required that notice be given to the company within 10 days of the beginning of the sickness, and the insured was sick 12 days before he gave the notice, but gave the notice on the day he became incapacitated to attend to his usual occupation, the beginning of the sickness within the terms of the policy was held to be when he became incapacitated, and the notice was held sufficient.

The time within which a certificate holder must give notice of accident does not begin to run until such time as he has reason to believe that the injury received will constitute a claim under his policy. He is required to give notice only when it appears that he has suffered, or is about to suffer, a disability as a result of an accident which has given rise to a claim.

Finally, we are asked to hold that the statute authorizing the court to tax attorney's fees upon a contract such as the one in suit is unconstitutional. We have held to the contrary. *Bierbach v. Mutual Benefit Health & Accident Ass'n*, 100 Neb. 675, and cases therein cited.

There is the further question: May the trial court upon entering judgment in favor of plaintiff tax an attorney fee for services to be rendered in this court on appeal? The right to tax attorney fees as part of the costs to be paid by the insurance company is purely statutory, and the statute must be strictly followed.

In construing statutes similar to the provision under consideration, we have, in effect, held that such allowance cannot be made. *Northcutt v. Missouri P. R. Co.*, 100 Neb. 1, and cases therein cited.

The judgment is modified by striking therefrom the item allowed for attorney fees on appeal. As thus modified, it is affirmed; the costs in this court to be equally divided between the parties.

AFFIRMED AS MODIFIED.