IN RE ESTATE OF ALLAN MCLEAN.
JENNIE E. MCLEAN ET AL., APPELLEES, V. EARL D. MCLEAN, ET AL., APPELLANTS.
285 N. W. 915
FILED MAY 26, 1939. No. 30574.

*Frank A. Peterson* and *Michael T. McLaughlin,* for appellants.

*Paul F. Good* and *Mark Simons, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is an appeal from an order of the district court for Lancaster county requiring Earl D. McLean, administrator of the estate of Allan McLean, deceased, to convey certain lands belonging to the estate to Jennie E. McLean, pursuant to an agreement and stipulation entered into by Earl D. McLean and Jennie E. McLean on January 31, 1934, as a satisfaction of her claim duly allowed against the estate, or, in the alternative, to apply to the district court for a license to sell the lands of the estate in order to pay the claim of Jennie E. McLean.

The record shows that Allan McLean died intestate on May 27, 1933, leaving surviving him his widow, Jennie E. McLean, two sons, Earl D. McLean and Stanley A. McLean, and two daughters, Annabel McLean and Leona McLean Yoder. Earl D. McLean was appointed administrator of the estate.

Jennie E. McLean thereupon filed her claim against the estate on a note for $25,000 and interest. On January 31, 1934, Jennie E. McLean and Earl D. McLean entered into a stipulation and agreement which in part provided that Earl D. McLean should withdraw all objections to the allowance of the $25,000 claim and that Jennie E. McLean should agree to take lands of the estate in satisfaction of her claim according to values at which the same should be appraised for inheritance or estate tax purposes, said lands to be selected within thirty days after the allowance of the claim. The selection of the lands within the required time is established by the record. It appears, however, that Earl D. McLean has at all times refused to join in a conveyance of the selected lands to Jennie E. McLean, or to proceed to sell the lands in order to satisfy the claim.

On November 2, 1937, almost four years after the allowance of the claim in the county court, Jennie E. McLean applied to the county court and obtained an order requiring the defendant, Earl D. McLean, as administrator to apply to the district court for a license to sell real estate belonging to said estate for the payment of the claim of Jennie E. McLean and the expenses of administration. All of the heirs other than Earl D. McLean joined in the application with Jennie E. McLean. An appeal was taken to the district court where an order was entered requiring Earl D. McLean to execute within ten days a deed to Jennie E. McLean for the property selected by her under the stipulation and agreement of January 31, 1934, or upon failure of him so to do, that said Earl D. McLean file within ten days his application in the district court for a license to sell real estate belonging to the estate for the payment of the claim of Jennie E. McLean and the expenses of administration. It is from this order that the appeal before us was taken.

It is the contention of the defendant that the county court is without jurisdiction to require an administrator to apply to the district court for a license to sell real estate. In this we think defendant is in error. The county court has general jurisdiction in probate matters, and while it has no direct control over real estate, it certainly has jurisdiction over administrators and claims filed against the estate. The appointment and discharge of an administrator is a function of the county court. We think that the county court has such control over an administrator that it may require him to perform his duty and not thwart the very objectives of the probate court. The fact that a county court has exclusive original jurisdiction of all probate matters under section 16, art. V of the Constitution, is sufficient authority for the entry of the order of which complaint is made. *In re Estate of Shierman,* 129 Neb. 230, 261 N. W. 155. The county court has full and complete equity powers as to all subjects within its exclusive original jurisdiction. 11 R. C. L. 131, sec. 138.

Defendant also advances the contention that the county court by its order has determined whether the real estate belonging ·to the estate shall be sold. To this we cannot agree. The order requires the administrator to apply to the district court for a license to sell the real estate. Whether or not the lands of the estate shall be sold is still for the district court to determine.

"As a general rule creditors have the right to apply for an order directing the sale of decedent's realty for the payment of debts, especially when the representative neglects or refuses to do so, although it has been held that a creditor has this right only after his debt has been acknowledged, or his claim registered after being probated and allowed." 24 C. J. 558.

Defendant contends that plaintiff is limited to a suit on the administrator's bond as provided by section 30-1505, Comp. St. 1929. This section of the statute is not exclusive and does not deprive the plaintiff of any other remedy she may have under the law.

The evidence in this case is too voluminous to detail in this opinion. We are convinced, after an examination of it, that the finding of the trial court that the administrator should be directed to apply for a license to sell the lands belonging to the estate for the payment of claims, taxes and expenses of administration is amply supported. Decedent passed away almost six years ago. Defendant as administrator has refused to proceed with the sale of the lands or to convey the lands selected by plaintiff to her in accordance with the stipulation and agreement to which all the other heirs acquiesced. The record discloses that, instead of a diligent attempt to close the estate, the administrator is doing everything he can to prevent its final settlement. Under such circumstances the trial court is justified in directing the administrator to either convey the lands selected by plaintiff to her, or to require the satisfaction of plaintiff's claim by their sale.

We, therefore, conclude that Earl D. McLean be directed, within ten days from the filing of the mandate of this

court in the district court for Lancaster county, to convey to Jennie E. McLean, pursuant to the offer of plaintiff made during the oral argument of the case in this court, the lands selected by her as described in the decree of the district court from which this appeal was taken, or, if Earl D. McLean refuses to so do, that he as administrator be directed within ten days thereafter to apply to the district court for Lancaster county for a license to sell the lands of the estate for the payment of expenses of administration, taxes, claims against the estate duly allowed, including the claim of Jennie E. McLean, and any further charges lawfully due from the estate.

AFFIRMED.