IN RE ESTATE OF ALLAN MCLEAN.
JENNIE E. MCLEAN ET AL., APPELLEES, V. EARL DOUGLAS MCLEAN, APPELLANT.
295 N. W. 273

FILED DECEMBER 13, 1940. No. 31059.

*Perry, Van Pelt & Marti* and *Arthur E. Perry*, for appellant.

*Good & Simons, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE and MESSMORE, JJ., and HASTINGS and KROGER, District Judges.

KROGER, District Judge.

This is an appeal from a judgment of the district court for Lancaster county removing appellant as administrator of the estate of his father.

The record discloses that Earl Douglas McLean, the appellant, was appointed administrator of the estate of Allan McLean, deceased, on February 6, 1934; that he qualified and took charge of said estate and, on August 22, 1935, filed what he designated as his final account and petition for settlement of said estate, but an examination of said account discloses that the estate had not been fully administered and said petition for final settlement has not been acted upon. Since that time several additional reports have been filed by the administrator. The record further discloses that the principal controversy in this case is with regard to the payment of a $25,000 claim allowed against said estate in favor of appellant's mother; that appellant, some time prior to his appointment as administrator, entered into a stipulation with his mother, by the terms of which he withdrew his objections to the allowance of said claim and agreed that the same might be satisfied by the transfer of certain real estate belonging to the estate at its

appraised value; that the other heirs have, at all times, been willing to execute deeds to carry out the terms of the stipulation, but that appellant has failed, refused and neglected to join in said deeds and has failed to take the required steps to bring about a settlement of the mother's claim. On October 28, 1938, a petition was filed in the county court of Lancaster county by the holders of a five-sixths interest in the McLean estate, asking that the appellant be removed as administrator. A hearing was had on said application and, on February 8, 1939, a decree was entered by the county court finding that the appellant was unsuitable and incapable of discharging his trust as administrator and removing him as such. From this decree an appeal was taken to the district court where a similar decree was entered.

It is the contention of appellant that the evidence is insufficient to sustain the judgment removing him as administrator on any of the grounds enumerated in section 30-323, Comp. St. 1929.

The evidence in this case is too voluminous to set out even a synopsis of the same in this opinion, but discloses that, outside of a few minor claims that have long since been disposed of, the only matter requiring settlement for the past three or four years has been the claim of appellant's mother. By appellant's own stipulation with his mother, a method of settlement of this claim was agreed upon back in 1934, yet appellant has persistently and successfully failed and neglected to bring about a settlement of this claim. His explanation that he was prevented from making such a settlement because of litigation instituted by representatives of his mother is without merit, because the litigation sought to compel the appellant to do what he had previously agreed to do, and finally resulted in a judgment of this court directing the appellant to proceed in accordance with the order of the probate court. See *In re Estate of McLean*, 136 Neb. 353, 285 N. W. 915.

It is the duty of an administrator to promptly and carefully administer the estate and distribute the property to those entitled thereto as soon as that can be done without

undue sacrifice of the assets of the estate. To that end the county court has supervision and control over the administrator to see that he performs his duty. As was stated in *In re Estate of McLean, supra*: "The appointment and discharge of an administrator is a function of the county court. We think that the county court has such control over an administrator that it may require him to perform his duty and not thwart the very objectives of the probate court."

While the record does not disclose that appellant has disregarded any order of the probate court, yet it does show that his entire conduct has been antagonistic to the other persons interested in the estate and discloses a disposition to litigate questions, at the expense of the estate, that were of no benefit to the estate or to any of the heirs, excepting possibly appellant, and, while prolonging the administration of the estate, he has absorbed the income therefrom by expenditures of which he was the chief beneficiary, at the same time permitting taxes to accumulate, all of which is against the best interests of the estate and inconsistent with his duty to administer the estate promptly and economically. The record amply sustains the finding of the county court that the appellant has become unsuitable and incapable of discharging his trust as administrator within the meaning of section 30-323, Comp. St. 1929.

The judgment appealed from is

AFFIRMED.