IN RE ESTATE OF WILLIE C. ERWIN.
JOHN L. BARBER JR., EXECUTOR, APPELLANT, V. ROSCOE H. ERWIN ET AL., APPELLEES.
296 N. W. 330

FILED FEBRUARY 4, 1941. No. 30930.

*Chatt & Ellenberger,* for appellant.

*Carroll O. Stauffer, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE and MESS-MORE, JJ., and LANDIS and MUNDAY, District Judges.

LANDIS, District Judge.

This is an action where an executor applied to the district court for a license to sell real estate to pay debts, which was denied, and the executor appeals.

In the testate estate of Willie C. Erwin, deceased, the executor, John L. Barber, Jr., found, after the order allowing claims and barring future demands was entered, that there was insufficient personal property to pay the creditors and costs of administration.

The sole asset available for the payment of claims outside of the personalty, which amounts to enough to pay the costs and expenses of administration, was 240 acres in Burt county, Nebraska, encumbered by a real estate mortgage in the principal sum of $15,000.

The executor properly applied for a license to sell the land and subject whatever equity there might be to the payment of the creditors of the estate.

When the hearing was had on the application in the district court, every creditor of the estate, with an unpaid claim, filed in writing with the court a request that the

application be dismissed, showing the court that they were not at this time demanding that their claims be paid and that a sale had at this time under present economic conditions would cause a sacrifice of the land for a mere fraction of its actual value.

The primary object of the application is to sell the land for the payment of the claims of the creditors. It is brought for the benefit of the creditors. But the district court had the unusual condition of those for whom the benefit of the action was brought, specifically asking that the application be dismissed and that they did not want the benefits at this time sought for them by the executor. It is elemental that these creditors should have that right. The application was properly dismissed by the court.

The dismissal herein in no way bars future action either by the district court upon due application and showing by the executor, or by the county court which has jurisdiction to require the executor to apply to the district court for a license to sell real estate for the payment of debts. *In re Estate of McLean*, 136 Neb. 353, 285 N. W. 915.

AFFIRMED.