IN RE ESTATE OF WILLIAM A. LINCH.
PERRY, VAN PELT & MARTI, APPELLEE, V. WILLIAM R. LINCH,
SUCCESSOR-TRUSTEE, APPELLANT.

298 N. W. 697

FILED JUNE 13, 1941.  No. 31110.

*C. Russell Mattson* and *J. J. Thomas,* for appellant.

*Perry, Van Pelt & Marti* and *Arthur E. Perry, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and THOMSEN and WENKE, District Judges.

WENKE, District Judge.

This is an appeal from a decree of the district court for Lancaster county allowing appellees, the law firm of Perry, Van Pelt & Marti, the sum of $800 as a fee for their services in preserving the assets of the trust estate of William A. Linch, deceased, the same being entered against appellant William R. Linch, successor-trustee, and upon payment to be deducted from the amount owing by the trustee to the trust.

The facts in this case had their origin in objections filed by Clarence A. Linch, one of the beneficiaries of a trust created by William A. Linch, deceased, to the final report of William R. Linch, successor-trustee, filed therein in the county court of Lancaster county. This litigation was finally determined by this court in the case of *In re Estate of Linch,* 136 Neb. 705, 287 N. W. 88, wherein the facts are fully set forth, and by reason whereof $3,926.71 was restored and preserved to the assets of said trust. Mandate was issued therein on October 16, 1939, and on October 21, 1939, the appellees herein filed their notice of attorneys' lien in the county court, together with motion for the allowance thereof, being based upon the successful termination of the litigation *In re Estate of Linch, supra.* The county court disallowed the motion, and on appeal to the district court for Lancaster county a fee of $800 was allowed against the successor-trustee, and, upon payment, to be deducted from the amount owing to the trust by the trustee. Appellant contends the judgment of the district court is in error for the following reasons: (1) That the application for attorney's fees was not made in time; (2) that attorney's fees were not properly allowable; and (3) that the evidence does not sustain the amount of the allowance.

The appellant's first contention is that, since the appellees made no application for attorney's fee in either the district

court or supreme court in the original action, reported in *In re Estate of Linch, supra,* the application now made in the county court subsequent to the issuance of the mandate comes too late, and that the county court was therefore without jurisdiction for the purpose of making such allowance. Under sections 30-1801 to 30-1805, inclusive, Comp. St. Supp. 1939, the county court is vested with jurisdiction over trust estates, and as held in the case of *In re Estate of McLean,* 136 Neb. 353, 285 N. W. 915, "A county court * * * has full and complete equity powers as to all subjects within its exclusive original jurisdiction." Our court has stated in *Blacker v. Kitchen Bros. Hotel Co.,* 133 Neb. 66, 273 N. W. 836: "Allowances for attorney's fees and expenses in such cases can only be made after the services have been rendered and a determination made that they were of direct and substantial benefit to other members of the class who are alleged to have benefited therefrom," and, further, "The court of equity in which the suit was brought may order the successful litigant to be reimbursed his costs and expenses, including counsel fees." And as stated by this court in *In re Estate of Wilson,* 97 Neb. 780, 151 N. W. 316: "When the county court has made a finding and order as to the heirs and the proportion of the estate to which each is entitled, and afterward there is an appeal to the district court from an order correcting the accounts of the administrator, the district court, after determining the debits and credits of the administrator, should remand the cause to the county court for settlement of subsequent costs and expenses and for final distribution."

Where, therefore, as in this case, an appeal is taken from rulings on objections to the final report of the trustee from the county court to the district court and then to the supreme court, where the findings of the district court are approved and a determination made of the debits and credits of the trustee, with directions to the district court to remand the cause to the county court for distribution of the funds as provided by law, the county court, in which the action was originally started, would thereupon have jurisdiction

for the settlement of subsequent costs and expenses, including, upon application, the allowance of attorney's fees for the preservation of the assets of said trust estate, and, in this case, where such application was made within five days after the issuance of said mandate, it was properly and timely made.

With reference to appellant's second contention: It is true that the general rule in this state is: "It is the practice in this state to allow the recovery of attorneys' fees only in such cases as are provided for by law, or where the uniform course of procedure has been to allow such recovery. As a general rule of practice in this state, attorneys' fees are allowed to the successful party in litigation only where such allowance is provided by statute." *Higgins v. Case Threshing Machine Co.*, 95 Neb. 3, 144 N. W. 1037. But no statute has been cited authorizing the allowance made in this case. However, this court has held: "Where many persons have a common interest in a trust fund or property, and one of them, for the benefit of all, at his own cost and expense, takes legal action for its preservation or administration, the court of equity in which the suit was brought may order the successful litigant to be reimbursed his costs and expenses, including counsel fees, from the property of the trust or order those benefited to contribute proportionately toward that expense." *Blacker v. Kitchen Bros. Hotel Co., supra.*

It appears from the evidence in this case that Clarence A. Linch, on objection to the final report of his successor-trustee, caused to be restored and preserved to the trust estate $3,926.71, of which $2,250.78 was to relieve the real property of said trust from a lien of the trustee for services, attorney's fees and other items of expense, and the balance, by order of this court, to be distributed as provided by law, thereby inuring to the benefit of all the beneficiaries, none of whom made any objection to the procedure, and all of whom received the benefit by reason of such litigation. Under these facts this case comes under the rule announced in *Blacker v. Kitchen Bros. Hotel Co., supra,*

and the court properly allowed the appellees an attorney's fee.

It is further contended by appellant that certain releases filed by the beneficiaries as of October 27, 1939, and October 31, 1939, in the county court of Lancaster county, released the right of appellees to any claim on their share of the trust estate, for the reason that they made no further claim thereto; however, it appears that such releases were filed subsequent to the attorneys' lien, and under our statute, section 7-108, Comp. St. 1929, "An attorney has a lien * * * upon money * * * in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party." Since such releases were filed subsequent to the notice of lien, they were of no effect as to such attorneys' lien.

With reference to appellant's contention that the evidence does not sustain the amount of the allowance: It appears that the original litigation was tried in the county court, district court and supreme court, and that as a result thereof $3,926.71 of the trust assets were restored and preserved for the trust. Under all of the facts disclosed by the record, the evidence amply sustains the amount of the allowance as fixed by the district court, and we find the same to be reasonable compensation for the services rendered.

In accordance with these findings, the judgment of the district court is

AFFIRMED.