WILLIAM NUSS ET AL., APPELLANTS, v. PATHFINDER IRRIGATION DISTRICT, APPELLEE.

351 N.W.2d 419

Filed July 6, 1984. No. 83-854.

John F. Wright of Wright, Simmons & Selzer, for appellants.

R. L. Gilbert, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, J.

This was an action for a writ of mandamus to compel the defendant irrigation district to construct a bridge across an irrigation canal in Scotts Bluff County, Nebraska. The judgment of the district court granting a peremptory writ was affirmed in *Nuss v. Pathfinder Irr. Dist.*, 214 Neb. 888, 336 N.W.2d 584 (1983). The opinion was filed July 22, 1983. The mandate was issued August 15, 1983.

On September 13, 1983, the plaintiffs filed a motion in the district court requesting an award of reasonable fees for the services of their attorneys in this court. The trial court found that this court was the proper forum for the allowance of fees for services in this court, and overruled the motion. The plaintiffs have appealed.

Neb. Rev. Stat. § 25-2165 (Cum. Supp. 1982) provides that in addition to damages "the court may also award costs and reasonable attorney's fees." The plaintiffs requested and were allowed fees for the services of their attorneys in the district court. The plaintiffs conceded that they have made no request in this court for an allowance of fees by the court. Their theory is that the allowance for fees in this court should be made by the district court, and rely upon *In re Estate of Linch*, 139 Neb. 761, 298 N.W. 697 (1941).

The *Linch* case involved fees for services in preserving the assets of a trust estate. Unlike the case now under consideration, the fees in that case were to be paid from a fund recovered as a result of the litigation. In such a case the fees may be allowed by the court in which the litigation was commenced, after the litigation has been finally determined. See, *Blacker v. Kitchen Bros. Hotel Co.*, 133 Neb. 66, 273 N.W. 836 (1937); *Summerville v. North Platte Valley Weather Control Dist.*, 171 Neb. 695, 107 N.W.2d 425 (1961). The rule has no application in this case.

The defendant contends that no fees are allowable

under the statute for services in this court but that if fees are allowable, the request should be made in this court.

The defendant relies upon *Northcutt v. Missouri P. R. Co.*, 100 Neb. 1, 158 N.W. 388 (1916), in which it was held that fees could not be recovered in this court under Rev. Stat. § 6063 (1913). *Kaneft v. Mutual Benefit Health & Accident Association*, 102 Neb. 87, 166 N.W. 121 (1918), also cited by the defendant, held that fees could not be recovered in this court under Rev. Stat. § 3212 (1913). In 1919 this section (now Neb. Rev. Stat. § 44-359 (Reissue 1978)) was amended to allow attorney fees on appeal to be awarded by the appellate court. See *Dairyland Ins. Co. v. Kammerer*, 213 Neb. 108, 327 N.W.2d 618 (1982).

In *Pieper v. City of Scottsbluff*, 176 Neb. 561, 126 N.W.2d 865 (1964), we held that a condemnee was entitled to an allowance for the services of his attorneys in this court under Neb. Rev. Stat. § 76-720 (Cum. Supp. 1963), even though the statute referred only to appeals from an award of the appraisers.

In marriage dissolution cases in which an allowance for attorney fees is made for services in this court, it has been the uniform practice to make the allowance in this court.

Neb. Ct. R. 14B(1)d (Rev. 1983) provides that "[a]ttorney fees and other fees and costs as awarded by the court" shall be taxed in the Supreme Court and itemized on the mandate.

We conclude that this court is the proper forum for the allowance of fees for the services of attorneys in this court. The judgment of the district court is affirmed.

AFFIRMED.