Battle J.
The petition for partition is based upon the construction which the plaintiffs put upon the will of Samuel1 Givens. They insist that the devises therein contained, ex-eept that to the widow, are void for uncertainty and for their tending to produce a perpetuity; and that consequently the lands descend to the children and certain of the grand children of the devisor as his heirs at law- The defendants deny the propriety of this construction and contend, that the devises are liable to neither of the objections urged by the plan-tiffs ; but on the contrary, are intelligible and certain: giving-to each of the devisees a conditional freehold in the lands so-long as he or she shall continue to reside thereon. The question, then, is, whether the clauses in the will, which produce the difficulty, are to be rejected as senseless and void, or are susceptible of an interpretation which can give to the objects. *310 of the devisor’s bounty certain and definite estates? It must be admitted that this question is not without difficulty ; but after much reflection, we have come to the conclusion that the devises are not void because of either of the reasons assigned by the plaintiffs, but are good and effectual: giving to the persons therein named, an estate in fee simple absolute as tenants in common. In coming to this conclusion we have endeavored to avail ourselves of the assistance of those settled rules of construction, which the courts and the sages of the law have set up for the guidance of those whose duty it is to search for, and find out, amidst their dark sentences and apparently inconsistent expressions, the intention of unlearned and sometimes unwise and capricious testators. In this case, it is clear that the testator intended to dispose, by his will, of his whole estate. He commences it by saying, “ as to my worldly estate, I dispose of the same as follows.” He then proceeds to • bequeath all his personal estate to and among his wife and children, in the manner therein specified. His lands, consisting of several distinct tracts, but (as may be inferred from the pleadings) all lying adjacent to each other and used by him as one plantation, form the next and last subject of his disposition. Of them, he gives to his wife, during her life or widowhood, the dwelling house and several fields byname “togetherwith the privilege of cutting timber on any part of his whole plantation for the purpose of keeping in repair the said premises to her allotted,” declaring that at her death or marriage “ the said land shall return unto the common: stock.” So far the will is explicit enough, but then comes the clauses set out in the pleadings, which ¿create the doubt. The language of these clauses is manifestly very in-artificial and in the strange and uncommon conditions which he annexes to his devises, it is very difficult if not impossible to ascertain the devisor’s intention as to who are to take, what they are to take, and what estates they are to have in his .lands. No time is fixed upon in which his children, his *311 daughters-in-law and his grand children are to elect “ to settle and abide on his lands,” so as thereby to acquire an inter- ■ est in them, bio definite part of the land is given to each settler so as not to interfere with the premises of the other residents. And it is not distinctly stated whether the settlers are to have life estates, upon the condition of residence, base or qualified fees or fees simple. Of one thing we feel confident ; that the testator intended to dispose, not only of all his lands, but of his whole estate in them as he had done, clearly enough, with regard to his personal property. It must he admitted that the words “I will that my children William Gi- ■ vens, &c., do settle and abide on my land,” are not appropriate terms for conveying a fee. Hor was the word “ land” which was the term used in the case of Cox v. Masks 5 Ire., Rep. 361, hut we think they may have that effect, when such is shown to be the intention of the devisor. This appears not only from the clause of his will, first referred to, hut from his showing that he knew how to limit a life estate by giving to his wife one in express terms, and then providing that the land, he had given her should, at her death or marriage return to the common stock. In the subsequent gifts to his children no limit to their estates is fixed, and he speaks of them and their lawful representatives in connection with the estates which he gave them. We conclude then that he intended a fee for his devisees, but he intended also to annex certain conditions to such fee which are inconsistent with the nature of that estate, and are therefore void. He intended 1jp give an absolute estate with a restriction upon the power of alienation and to confer a tenancy in common, or quasi tenancy in common with the like restriction upon the power of compelling partition. He intended to fix his children and their heirs forever upon a particular spot, without the power of removal for any cause or under any circumstances. Such conditions' and restrictions are inconsistent with free and full enjoyment of a power of disposition over a fee simple, and are therefore void.
*312 Supposing, then, that the devisees are to take an uncon-tional estate as tenants in common in fee, a question arises whether the surviving children of the testators deceased son, Samuel, and the widow and children, of his deceased sons, John and Allen, shall take per sti/rpes or per capita. We are of opinion that they take per stirpes. Such was clearly expressed to he the case as to the children oí the testator’s deceased sons taking the shares of their respected fathers in the personal estate: and, though not so fully declared, yet we think it may be fairly inferred that such was the testator’s intention with regard to his lands. The children of each deceased son are mentioned as a class, and the widows are entitled, because they are expressly named in conjunction with their children.
Our opinion, then is, that the children of the testator; the widows of his deceased sons, John and Allen, with their children, and the children of his deceased son Samuel, take under his will an unrestricted estate in fee simple in his land, as tenants in common, subject to the life estate of the testator’s widow in a part of such lands, that the children of Samuel, the son, and the widows and children of the sons of John and Allen take pefr stwpes: that is, the shares which the sons would have taken, had they been living, and that the petitioners as tenants in common with the defendants are entitled to have their lands divided either by an actual partition, or by a sale for that purpose. As most of the parties object, that an actual partition cannot be had without doing great injustice to all, and therefore insist upon a sale, and as we have no proof before us to show whether a sale, or an actual partition would be most advantageous to all the parties, we must direct an enquiry upon that subject and the cause will be retained for further directions, upon the coming in of the report. It is hardly necessary to observe that as all the persons interested in the lands, mentioned in the pleadings, are made parties to the partition, and are now before the court, a *313 partition or sale may be bad nnder tbe present proceeding, though some of the parties, to -wit, the widows of the deceased sons will be entitled to a part of the land, or a portion of their proceeds, if sold, contrary to the view taken by the petitioners.