MARY B. SHELBY ET AL. V. JAMES B. MEIKLE.

FILED JUNE 5, 1901. No. 9,668.

Dismissal of a Contested Will Case Does Not Oust Court of Jurisdiction to Adjudicate Fee of Guardian Ad Litem. Transcript Without Copy of Will Gives Jurisdiction. In a case pending in the district court on appeal involving the validity of a will in which certain minors were named as devisees a guardian *ad litem* was appointed for the minor devisees, who, after an arrangement fully securing and protecting the rights of the minors, asked leave to withdraw his pleadings, and for the allowance of a reasonable sum as compensation for his services. Leave to withdraw the pleadings was given, and the hearing on the application for a guardian *ad litem* fee reserved. The appeal was then dismissed, on motion of the appellee and contestant, on the ground that as to another devisee the will was void for uncertainty. At the following term a hearing on the application of the guardian *ad litem* for allowance of compensation was had and an order rendered allowing a sum, fixed by the court, to be taxed as costs in the case and made a charge against the estate of the deceased testator and the funds derived therefrom. *Held*, The court retained jurisdiction of the case for the purpose of passing on the application, and that the dismissal of the appeal did not deprive it of jurisdiction to act thereon. *Held, also*, That the court acquired jurisdiction of the cause on appeal by the filing of a duly certified transcript of the proceedings had in the county court containing the order disallowing the probate of the will, although the transcript did not contain the original will or a copy thereof.

ERROR from the district court for Douglas county. Tried below before FAWCETT, J. *Affirmed.*

*J. W. Woodrough* and *William D. Beckett*, for plaintiffs in error.

*Duffie, Gaines & Kelby, contra.*

HOLCOMB, J.

The will of Joseph Creighton, deceased, was contested by the plaintiff in error in this action, who was the daughter and sole heir at law, on different grounds not necessary to enumerate. Her minor children were, by the terms of the will, made devisees of property represented to be of the value of $50,000. An appeal was taken from the order of the county court, denying the probate of the will, to the district court for a trial *de novo* on the issues involved by the filing of the contest against it being admitted to probate. The defendant in error was duly appointed guardian *ad litem* for the said minors and devisees under said will. The case was of more than ordinary importance, and apparently was tried under difficulties, resulting in one trial in which the verdict of the jury was set aside and a second trial of the same issues in which the jury were unable to agree. The two trials consumed twenty or thirty days' time of those acting as attorneys and litigants. After the second trial in the district court, resulting in the disagreement of the jury, the contestant of the will (the plaintiff in error) and the guardian *ad litem* effected an arrangement by which she conveyed to her minor children all her interest as heir at law of the deceased testator to the property which by the terms of the will they were to receive. The guardian thereupon made report of the fact to the district court, asked to have his acts approved and to withdraw his pleadings from the case. He also asked that he be allowed a guardian-*ad-litem* fee in such sum as should be reasonable and proper, as compensation for his services in behalf of the minor children of the contestant. An order was entered granting leave to withdraw his pleadings, and the hearing of the

motion for an allowance of fees as guardian *ad litem* was reserved. The case then came on to be heard on the issues as between the contestant and another devisee on a motion to dismiss the appeal because of indefiniteness and uncertainty in the provisions of the will as to such other devisee, which upon consideration by the trial court was sustained. From the order of dismissal an appeal was prosecuted to this court, where the order was reversed and the cause remanded for further proceedings. No action had been taken by the trial court on the application of the guardian *ad litem* for the allowance of a fee for his services in the litigation when the order of dismissal was entered. On March 16, 1897, and while the controversy was yet pending in the district court, the guardian *ad litem* filed a formal petition for his allowance of a fee for his services, setting forth the nature of the litigation and the time consumed in its determination, and asking to be allowed the sum of $3,000 for his services. The order mentioned dismissing the appeal on the issue between the contestant and the other litigant was entered March 29, 1897. The term of the district court at which these proceedings were had was adjourned *sine die* April 10, 1897. At the next term of court, and on June 6, 1897, the matter of the application of the guardian *ad litem* came on to be tried, all parties being represented in person and by counsel, and after the submission of proof, the court allowed the guardian *ad litem* the sum of $1,240, and ordered the same to be made a charge upon the estate of the deceased testator and paid out of the funds thereof. From this order error proceeding is prosecuted by the plaintiff in error, alleging as her ground of error that "at the time of the rendition of said final order in said cause the court had no jurisdiction of said cause for the purpose of granting an allowance of guardian *ad litem's* fee, for the reason that said cause had been finally adjudicated and dismissed."

The only question presented is whether the court lost jurisdiction to make the order of allowance of a fee to the

guardian *ad litem* for his services, by the act of dismissing
the appeal taken from the county court, as heretofore
stated. We are of the opinion that it did not. It is en-
tirely clear from the record that as to the matter of allow-
ance of compensation to the guardian *ad litem* the ques-
tion was reserved for further consideration, and as to that
branch of the case the court retained the jurisdiction it
possessed at the time application was made for the allow-
ance. We do not think that the rule as to the taxation of
costs as an incident to a judgment rendered in favor of
or against a party to the litigation is applicable to the
present case. The guardian *ad litem* had been duly ap-
pointed, and he apparently performed the duties devolv-
ing upon him with fidelity and ability. He secured for
the minors all they would have received under the terms
of the will, so that whether it was upheld or not was of no
pecuniary consequence to them. He had rendered valu-
able services and was entitled to compensation. By sec-
tion 14 of chapter 7, Compiled Statutes, it is made the
duty of every attorney to act as the guardian of an infant
defendant, when appointed for that purpose, for which
he shall be entitled to such compensation as the court
shall deem reasonable. An attorney acting under ap-
pointment as a guardian *ad litem* must look only to the
court for the amount of his compensation, to be taxed as
a part of the costs in the proceedings, and collected as
such. *Englebert v. Troxell,* 40 Nebr., 195. We do not
understand this to mean that a fee can be recovered only
when the infant would be entitled to a recovery of costs
ordinarily incurred in matters of litigation, or that the
rule as to the taxation of costs generally must control as
to the liability for the payment of a fee allowed a guard-
ian *ad litem,* but rather that in enforcing the payment of
such fee it shall be taxed against any proper party or
against certain property as costs and collected as such.
In fact, it is practically conceded in the present instance
that the court was authorized to make the order of allow-
ance complained of a charge against the property and

funds of the estate as was made, save for the alleged want
of jurisdiction, because the case on appeal had been dis-
missed before the allowance of a fee was ordered.  In our
judgment, the court retained jurisdiction for the purpose
of determining the amount of compensation to be allowed
the guardian *ad litem* and was empowered to act thereon
and with respect thereto as fully and effectually as be-
fore the entry of the order of dismissal of the appeal.
*Smith v. Smith*, 69 Ill., 308.  *Sheahan v. Wayne Circuit
Judge*, 42 Mich., 69; *Jones v. Yore*, 43 S. W. Rep. [Mo.],
384; *Tyson v. Richardson*, 79 N. W. Rep. [Wis.], 439, and
cases cited.  In a supplemental brief it is argued that the
district court was entirely without jurisdiction, because
the transcript of the proceedings had before the county
court in relation to the contest of the will did not contain
the will of Joseph Creighton, deceased, which had been
refused probate, or any copy thereof.  The suggestion
that the district court was without jurisdiction and had
no will before it, but only a piece of unauthenticated pa-
per, excites some surprise, in view of the fact that three
or four weeks' time was consumed in a controversy of no
insignificant proportions, which finally culminated in a
dismissal of the appeal on the ground advanced by the
contestant, plaintiff in error here, that the provisions in
the will were void for uncertainty.  There was, we think, a
substantial recognition by the parties of the will in con-
troversy in the district court, being the one offered and
refused probate in the county court, from which order an
appeal was prosecuted to said district court.  The tran-
script may be incorrect or defective; but if so, it was
amendable, and failure to amend would not deprive the
district court of its appellate jurisdiction.  The transcript
was properly certified, contained a record of the proceed-
ings had in the county court relating to the offer of the
will for probate and the objections thereto, the proceed-
ings under the contest and the final order complained of
refusing and disallowing the will probate in that court,
and was, we think, sufficient to give the district court

jurisdiction to hear and try the cause on appeal. While it is suggested that the proceeding had in the district court is in the nature of an original action begun in that court to secure the probate of the will and, therefore, without jurisdiction, from the entire record, it is obvious that its jurisdiction as an appellate court was exercised and the cause tried on appeal from the order made in the county court, to which it was remanded on the final hearing thereof.

The judgment or order complained of is

AFFIRMED.