E. N. BAILEY, GUARDIAN OF CLAUDE W. MASON, ET AL. V.
THOMAS B. GARRISON, GUARDIAN OF CLAUDE W. MASON.

FILED APRIL 30, 1903.   No. 12,754.

1. Guardian: FINAL SETTLEMENT: ATTORNEY'S FEE.  In the final settle-
ment of the accounts of a guardian, that he has not paid certain
attorney's fees charged therein, is not of itself a valid objection
to the allowance of such item, where it appears that there is a
*bona fide* arrangement between himself and the attorney that the
amount allowed by the court therefor shall be paid to the latter.

2. ———: ATTORNEY'S FEE.  A guardian has authority to bind the
estate of his ward by a contract, reasonable in its terms, for
services reasonably necessary to the preservation and manage-
ment of such estate.

3. ———: ———.  Where a part of such services were rendered as
guardian *ad litem*, in proceedings had in the same court as that
in which the general guardian's accounts are adjusted, and no
specific fee has been allowed the guardian *ad litem* in such pro-
ceedings, the county court may include such fee in the total al-
lowance for attorney's fees for the entire services rendered.

4. Fees of Guardian Ad Litem.  The fees of a guardian *ad litem* are
not in all cases and under all circumstances taxable in whole or in
part to the adverse parties.

ERROR to the district court for Valley county: JAMES
N. PAUL, DISTRICT JUDGE.  *Affirmed.*

*A. M. Robbins,* for plaintiffs in error.

*A. Norman, H. Westover, Hall & Johnson, Edwin M.
Coffin* and *E. J. Clements, contra.*

ALBERT, C.

The parents of Claude W. Mason separated shortly after
his birth, which was on September 20, 1881, and he was
left in the custody of his mother, who appears to have
taken up her residence in the state of Iowa.  The father
moved to Valley county, in this state, and resided there
until his death, which occurred previous to the death of his
parents, hereinafter mentioned.

About the time the parents of the minor separated, his paternal grandparents also settled in Valley county, where they remained until 1889, when they returned to the state of Massachusetts, their old home, when the grandfather died, leaving his entire estate, a part of which at least was in Valley county, to his wife. Administration was granted on his estate in Valley county in 1899, and while the same was there pending his wife died intestate. Whereupon, in the same year, administration was also granted on her estate in that county.

At this time it would appear that the paternal relatives of Claude W. Mason had lost trace of him, and that it was their purpose to ignore him in the settlement of the estate of his grandparents. At this stage of the proceedings Mr. A. Norman, an attorney at law, interested himself in behalf of the boy, and finally located him at Sac City, Iowa, and thereupon entered into a contract in writing with the boy and his mother to protect the interest of the former in the estate of his grandmother, for which he was to receive a fee equal to twenty per cent. of the value of the boy's interest in the estate. A guardian was then appointed for the boy by the county court of Valley county, who, after his appointment, adopted and ratified the contract hereinbefore mentioned, and proceeded thereunder as though the same had been made by himself as such guardian. In pursuance of that contract, and the guardian's adoption and ratification of it, Mr. Norman appeared for the boy in the proceedings for the administration of his grandmother's estate, protected his interest therein and established his claim as one of the heirs at law of the intestate, and as such his right to about $2,500 of the assets of the estate, consisting of real and personal property. From the record of the proceedings for the administration of that estate it appears that Mr. Norman acted both as attorney and guardian *ad litem* for the boy. Afterwards, and after Mr. Norman had performed his part of the contract hereinbefore mentioned, the guardian filed his final report, wherein he asked a credit for $500 as fees paid to

Mr. Norman for his said services in behalf of the ward. E. N. Bailey, who had been appointed guardian for the boy in the state of Iowa, appeared and objected to the allowance of that item. The issues were made up and submitted to the county court, which entered an order allowing the credit. The Iowa guardian then appealed to the district court, where, after a hearing on the merits, the order of the county court was affirmed. The Iowa guardian and the ward join in a petition in error to this court, asking a reversal of the judgment of the district court.

It is first insisted that the amount had not been paid Mr. Norman by the guardian, and therefore the latter was not entitled to a credit for the amount. The evidence shows that only a small portion of the amount was paid, but it further shows that the guardian and Mr. Norman expected the charge to be contested, and, in order that the guardian might take no risk, it was arranged between them that Mr. Norman should receipt for the full amount, which he did, and look to the guardian personally for payment, in case the credit was allowed by the court. There is no suspicion that it was any part of their purpose that any portion of the amount allowed should be retained by the guardian, or that he should profit in any way at the expense of the ward. The whole transaction was laid before the court, and, it seems to us, the legal effect was substantially the same as though the guardian had stated the claim to the court, represented that it had not been paid, and asked for an order for its allowance. Such a course would have been unobjectionable, and, the course adopted being substantially the same in legal effect, it seems to us to be equally so.

It is next urged that the contract of the minor was not binding upon him, and that its subsequent adoption and ratification by his guardian did not make it binding on the estate. We do not deem it necessary to go into the question of the effect of the contract made by the minor. The evidence is conclusive that the guardian, in effect, entered into precisely the same contract with Mr. Norman. Such

a contract, if reasonable, in our opinion, is binding on the estate of the minor. *McCoy v. Lane,* 66 Neb. 847; *Taylor v. Bemiss,* 110 U. S. 42. In this case it was, in effect, for twenty per cent. of the amount recovered for the ward, and was wholly contingent. The court under which the guardian held his appointment went into the reasonableness of the contract and the reasonable value of the services rendered on the trial of this case, and found them reasonable. Those matters were also in issue in the district court, where the finding of the county court thereon was sustained. The evidence is before us and it sustains the finding of the district court. Hence the reasonableness of the contract, and the reasonableness of the amount allowed for the services rendered, are no longer open questions in the case. We think, so far as the objection under consideration is concerned, there was no error in the order allowing the claim.

A part of the services performed by Mr. Norman, for which the allowance is asked, was performed as guardian *ad litem* in the settlement of the estate of his grandmother. It is now insisted that for the services rendered in such proceedings he is entitled only to such fee as has been allowed him therein by the court, and in this behalf we are cited to *Englebert v. Troxell,* 40 Neb. 195. In that case the minor and his father had been made parties to a foreclosure suit in the district court. They entered into a contract with the attorney to appear for them and defend their interest, agreeing to pay him a contingent fee. He appeared for them in the case, and was appointed guardian *ad litem* for the minor. In another action, wherein the validity of the contract for such services, so far as the minor was concerned, was called in question, this court, speaking through Ragan, C., said (p. 210):

"For performing the duties of a guardian *ad litem* an attorney must look, and look only, for the amount of his compensation to the court, and the compensation allowed the guardian should be taxed as costs in the proceedings and as such collected. Perhaps it might be filed as a claim

against the minor's estate, but no other different or greater amount can be collected than that allowed by the court."

But we do not think that case is exactly parallel with the present. In the present case the services of the attorney, both as guardian *ad litem* and otherwise, were rendered in the same court, and in the court to which the application for an allowance for fees was made in this case. We do not think the fees of a guardian *ad litem,* in all. cases and under all circumstances, are to be taxed in whole or in part against the adverse party or parties. There can be no doubt that under some circumstances such costs should be borne exclusively by the minor. In most cases we think the matter is, to some extent at least, within the discretion of the court. In this case the minor and those adversely interested were represented by different attorneys. Under such circumstances it would be no abuse of discretion for the court to tax the fees of the guardian *ad litem* to the minor, to be deducted exclusively from his share of the estate. That being true, it seems to us that the county court had jurisdiction to thus allow such fees, so long as it had jurisdiction over the parties and control of the fund against which they were chargeable. As we have already seen, the county court in this case not only went into the contract, but into the question of services rendered and the value of such services. It had jurisdiction of the parties and of the fund against which the fees of the guardian *ad litem* were chargeable. It does not appear that there was at any time any specific allowance for the fees of the guardian *ad litem.* Under such circumstances, we think it is a fair presumption that the county court included those fees in the aggregate amount allowed in this case for the services rendered for the minor by Mr. Norman. That court has jurisdiction in such matters and is charged with the duty of protecting the interests of its wards. Its jurisdiction and orders are attended by all the presumptions that attend those of other courts of record. Indulging those presumptions, we think the

judgment of the district court was right, and we recommend that it be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.