IN RE ESTATE OF GERTRUDE A. LOVE.
WILLIAM L. WALKER ET AL., APPELLEES, V. ESTATE OF GERTRUDE A. LOVE: FRANK C. BOEHMER, GUARDIAN AD LITEM, APPELLANT.

286 N. W. 381

FILED JUNE 16, 1939. No. 30539.

*Frank C. Boehmer,* for appellant.

*George I. Craven, William L. Walker* and *John McArthur, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is a suit on a claim for attorneys' fees filed by the claimants against the estate of Gertrude A. Love, deceased. From an allowance of $1,000 made by the district court, the guardian *ad litem* of two minor heirs appeals.

The record shows that the testatrix, Gertrude A. Love, executed a will in 1924, wherein she named one Harvey S. Bell as executor and trustee. After the death of Harvey S. Bell, the testatrix executed a codicil in 1926 in which she named the First Trust Company of Lincoln, Nebraska, as executor and trustee. The codicil contained no other provision whatsoever. Gertrude A. Love died on June 15, 1936, leaving as her only heirs at law and beneficiaries under her will two grandsons, John Byron Love and Robert James Love, both minors. By the terms of the will the estate is devised to the trustee to be used for the support and education of the minor heirs until the younger attains the age of thirty years, at which time the estate is to be distributed between them. It is stipulated that the value of the estate is $25,000. After the will was filed in the county court, Augusta Strauch, the mother of the two minor heirs, filed objections to the probate of the codicil. The county court admitted the will and codicil to probate and an appeal was taken to the district court by Augusta Strauch. Before the case came on for trial in the district court, a settlement of the case was had and a stipulation entered into whereby the First Trust Company renounced any rights it may have had by virtue of the codicil, and consented to the appointment of F. B. Baylor as administrator with will annexed

and trustee under the will. The decree of the district court sustains the action of the county court in admitting the will and codicil to probate. Other than the substitution of F. B. Baylor as trustee and administrator with will annexed for the First Trust Company as trustee and executor, the decree of the county court was not disturbed. The attorneys for Augusta Strauch then made application to the county court for the allowance of attorneys' fees for the services they had rendered to the estate. The claim was denied *in toto* by the county court and an appeal was taken to the district court. After a trial, the district court allowed attorneys' fees of $1,000 against the estate. The case is now before us on an appeal from this order.

It is conclusively established by the evidence that the only purpose of the litigation was to void the effect of the codicil, and thereby secure the removal of the First Trust Company as executor and trustee. It is also shown that no loss to the estate resulted from the appointment of the First Trust Company as such executor and trustee.

The general rule is that no allowance may be made out of the estate of a deceased person for the services of an attorney not employed by the personal representative of the estate unless the services redounded to the interest of all persons interested in the estate and were beneficial to the estate.

It is the contention of appellees that the codicil did not express the intention of the testatrix, for the reason that it was drawn as the result of the undue influence of an agent of the First Trust Company, the named executor and trustee therein. It is also contended that the designation of the First Trust Company as executor and trustee was void, for the reason that the subscribing witnesses to the codicil were stockholders in the First Trust Company, the named executor and trustee therein, and section 30-208, Comp. St. 1929, is cited in support thereof.

The foregoing issues were not determined upon a trial, for the reason that the named executor and trustee filed a renunciation of its designation as such by the codicil. It

seems to us that the only question for determination is whether the estate was benefited by appellees' services, and, if so, a determination of a reasonable fee for such services.

There is no higher nor more solemn obligation of the courts than to see to it that estates which undergo administration are carefully guarded and preserved. This is especially so where the interests of minor heirs are affected. The courts should not hesitate to disallow charges against estates which are not found to be necessary charges, and no different rule can obtain when the fees of attorneys are involved. That appellees performed in a prompt and efficient manner the legal services they were asked by their client to perform is apparent from the record. But the question whether the value of such services should be paid by the estate rests upon their value to the estate.

We will assume, without deciding, that the designation of the First Trust Company as executor and trustee in the codicil was void. This being true, the duty devolved upon the county court to appoint an administrator with will annexed. It cannot be questioned that the First Trust Company, under the law of this state, is competent to be executor and trustee. It qualified for such position by giving a $15,000 bond as required by the county judge. We fail to see how an estate can have a pecuniary interest in the appointment of an executor, administrator, or a trustee, although it might have such an interest if it were necessary to remove an executor, administrator, or trustee for cause. We think the majority rule is that no allowance will be made out of the estate for costs and attorneys' fees incurred in procuring letters of administration, or in litigating the right to administer on the estate, even though a party asking for such an allowance was successful in obtaining letters of administration for himself or for his nominee. The selection of a competent administrator or trustee is incidental to the administration of an estate. In the case at bar the services for which compensation is sought were not rendered in connection with the administration of the

estate. It appears to have been a contest between Augusta Strauch and the First Trust Company, the named executor and trustee in the codicil, as to who should act as such executor and trustee. In this contest the estate had no interest. It was not shown that the services rendered by appellees preserved the estate, or in any way added to its value. In fact the evidence affirmatively shows that the estate neither sustained loss nor gain by the litigation. Under such circumstances there is no basis for an allowance of costs and attorneys' fees against the estate.

This court has held that the county court has authority to allow attorneys reasonable fees as a claim against the estate when such attorneys were employed by the executor, and rendered services which were necessary and beneficial to the estate. *Hazlett v. Estate of Moore,* 89 Neb. 372, 131 N. W. 589. Attorneys' fees have been allowed when they were employed by one heir and the litigation resulted in benefits to all of the heirs of the deceased. *In re Estate of Merica,* 99 Neb. 229, 155 N. W. 887. In denying attorneys' fees this court in the case of *In re Estate of Charles,* 123 Neb. 630, 243 N. W. 847, said: "His efforts and the services of his attorneys were not beneficial to the estate. They did not by the litigation create or preserve a fund available for the payment of their expenses. Their allowance would diminish the inheritance of the heirs under the statute of descent." It is clearly the rule that an estate of a decedent will not ordinarily be held liable for attorneys' fees for services rendered at the request of a legatee. *St. James Orphan Asylum v. McDonald,* 76 Neb. 630, 110 N. W. 626. An estate of a decedent is liable for attorneys' fees for services rendered at the request of a legatee, even when successful, only when the services preserved the estate, added to its value, or were otherwise beneficial to it. In the instant case the services of counsel preserved no part of the estate nor added anything to it. Special circumstances are not pointed out that show the estate was in any way benefited. The allowance of attorneys' fees against the estate in this case would diminish the inheritance of

the two minor heirs to the extent of the allowance made. The litigation would therefore result in a net loss to the estate in an amount equal to the attorneys' fees allowed. Under this situation and in the absence of special circumstances, attorneys' fees cannot be allowed against the estate.

The contentions of appellees that the First Trust Company was disqualified because the codicil appointing it was subscribed to by witnesses who were stockholders of the First Trust Company can in no way change the rule. Unless it be shown that the estate was conserved or otherwise benefited by the services rendered, the applicant is in the position of any other litigant in so far as the payment of costs and attorneys' fees are concerned. We necessarily conclude that the allowance of attorneys' fees and costs by the district court was erroneous. The judgment is reversed and the application dismissed.

REVERSED AND DISMISSED.