In Re ENGEBRETSON'S ESTATE

ENGEBRETSON, et al, Appellants, v. GRAFF, Respondent

(1 N. W.2d 351.)

(File No. 8487. Opinion filed December 17, 1941.)

**James O. Berdahl** and **B. O. Stordahl,** both of Sioux Falls, for Appellants.

**Danforth & Danforth,** of Sioux Falls, for Respondent.

ROBERTS, J.   This proceeding was instituted in the county court of Minnehaha County by Martin Engebretson, an heir of Lars Engebretson, deceased, by the filing of a petition seeking an allowance out of decedent's estate for services rendered by attorneys employed by him and other beneficiaries of the estate.   The claim was denied by the county court and the order of the circuit court dismissing the appeal from the county court is before us for review.

It appears from the record that respondent, as administrator of the estate of Lars Engebretson, deceased, commenced an action in the circuit court of Minnehaha County against C. L. Engebretson, seeking recovery of a judgment for a deficiency resulting from the foreclosure by advertisement in Minnesota of a real estate mortgage.   Defendant filed an answer denying liability and a counterclaim alleging that his distributive share in the estate had been withheld

by the administrator. Based on a stipulation of the parties, judgment was rendered for defendant dismissing the complaint and awarding recovery on the counterclaim. Thereafter counsel employed by appellants herein to represent them made application to have the judgment set aside and to intervene in the action. The circuit court entered an order setting aside the judgment and permitting intervention and the action of the trial court was sustained on appeal. Graff v. Engebretson, 66 S. D. 45, 278 N. W. 28; Id., 66 S. D. 351, 283 N. W. 161.

The petition filed by the appellants in the county court alleges that at the conclusion of the trial in the circuit court judgment was rendered on the motion of the attorneys for appellants who were intervenors in that action in favor of the administrator and against C. L. Engebretson for $4954.50; that the services of counsel employed by appellants were beneficial to the estate; and that the reasonable value thereof should be determined and paid out of the estate. Objections to the granting of the petition were filed by the administrator and three of the heirs. The county court as we have stated disallowed the claim. The circuit court sustained a motion to dismiss the appeal from the county court on the grounds that the order disallowing the claim was not appealable and that an allowance may not be made out of a decedent's estate for the services of attorneys not employed by the personal representative.

SDC 35.2101 authorizes an appeal to the circuit court from a judgment, decree, or order of the county court, (1) granting, refusing, or revoking letters testamentary or of administration or of guardianship, (2) admitting or refusing to admit a will to probate, (3) against or in favor of the validity of a will or revoking the probate thereof, (4) against or in favor of setting apart property or making an allowance for a widow or child, (5) against or in favor of directing the partition, sale, or conveyance of real property, (6) settling an account of an executor, administrator, or guardian, (7) refusing, allowing, or directing the distribution or partition of an estate, or any part thereof, or the payment

of a debt, claim, legacy, or distributive share, (8) allowing or rejecting a claim on a hearing of contested claims, or from (9) any other judgment, decree, or order of the county court, or of the judge thereof, affecting a substantial right in probate matters. Subdivision 8 provides for appeals from contested claims, but this has reference to claims against the decedent as contradistinguished from claims against the estate. See Kline et al. v. Gingery, 25 S. D. 16, 124 N. W. 958; Hirning v. Kurle, 54 S. D. 334, 223 N. W. 212. It is quite obvious that if the order disallowing the claim of the appellants was appealable under the provisions of this statute, it was by reason of subdivision 9 as being an order affecting a substantial right. Respondent urges that the order of the county court was in any event a discretionary order and for that reason not appealable. The term "substantial right" as used in this statute is that which concerns the subject matter of the proceeding and not a mere matter of practice, and the fact that a matter is discretionary does not prevent it from being a matter affecting a substantial right. 4 C. J. S., Appeal & Error, § 100; see, also, In re Taylor's Estate, 54 S. D. 153, 222 N. W. 686. We think the order of the county court beyond question affected a substantial right and was appealable.

The question then presented is whether or not there was error in dismissing the appeal from the county court upon the ground that no allowance may be made out of an estate for the services of attorneys not employed by the personal representative.

■ This court has held that the fees of an attorney employed by an executor or administrator are not paid out of an estate by virtue of the contract of employment between the attorney and the executor or administrator, but that the right of an executor or administrator in the settlement of his account to an allowance for necessary expenses includes the right to reimbursement for attorneys' fees necessarily incurred in the administration of his trust or in litigation for the benefit of the estate of his decedent, conducted in good faith and with reasonable care and prudence. In

re Sach's Estate, 68 S. D. 18, 297 N. W. 793. It was indicated in the case cited that it might very well be that the county court has power to make an allowance directly to the attorney when the executor or administrator is unable to pay or is insolvent, but in that event the payment of a reasonable fee would be ordered as a part of the expenses of administration and not by virtue of a contract of employment.

█ The attorneys employed by appellants did not represent the administrator, and there is no claim of acceptance of, or acquiescence in, the services rendered. Appellants contend that the intervention in the action in the circuit court resulted in benefits to the estate and that they are equitably entitled to the allowance of reasonable attorneys' fees as a claim against the estate. It has been held, as a general rule, that an allowance may be made out of the estate of a deceased person for the services of attorneys for beneficiaries where those services were beneficial to the estate. In re Lounsberry's Estate, 226 App. Div. 291, 234 N. Y. S. 680; Bean v. Bean, 74 N. H. 404, 68 A. 409, 124 Am. St. Rep. 978; In re Love's Estate, 136 Neb. 458, 286 N. W. 381; Becht v. Miller, 279 Mich. 629, 273 N. W. 294; In re Schwint's Estate, 183 Okl. 439, 83 P.2d 161; annotation, 79 A. L. R. 522. In the case of Bean v. Bean, supra, wherein certain legatees sought an allowance for attorneys' fee, the court said: "As executrices, it was the duty of the appellants to protect and conserve the estate committed to their care. But as they were personally interested in the property in question, claiming adversely to the estate to be the absolute owners of it, the interests of the estate in it were in fact protected by the intervention of one or more of the legatees, the appellees. That such intervention was reasonably necessary and prudent, the result of one of the suits seems to establish. Bean v. Bean, 71 N. H. 538, 53 A. 907. The result of that suit added to the estate or trust fund certain property which the executrices claimed to own individually. A finding by the superior court that the appellees are equitably entitled to reasonable compensation on this account out of the trust fund presents no error of law.

Burke v. Concord R. Corp., 62 N. H. 531." We do not think that the instant case is distinguishable because the services for which appellants seek an allowance were not rendered in an action against the personal representative of the estate. No different rule obtains when an action against an heir or legatee is involved.

In Becht v. Miller, supra [279 Mich. 629, 273 N. W. 298], the supreme court of Michigan, sustaining an allowance against an estate, said: "A doctrine which permits a decedent's estate to be so charged, should, however, in our opinion, be applied with caution and its operation limited to those cases in which the services performed have not only been distinctly beneficial to the estate, but became necessary either by reason of laches, negligence, or fraud of the legal representative of the estate." We agree with this view. An allowance under such circumstances would not be inconsistent with the administration of an estate, and would be permissible.

The foregoing disposes of this appeal, but there is a question discussed by counsel that may arise on a trial of the issues presented. Respondent asserts that a majority of the heirs was opposed to intervention by appellants in the circuit court. The fact that they did not approve of the intervention will not prevent recovery against the estate. It is the benefit actually conferred and not what the heirs may have considered beneficial that is determinative.

The order appealed from is reversed and the cause is remanded to the circuit court for hearing upon the merits.

All the Judges concur.