IN RE ESTATE OF JURGENSMEIER.
HENRY JURGENSMEIER, EXECUTOR, APPELLANT, V. JOHN JURGENSMEIER ET AL., APPELLEES: IMPLEADED WITH DWIGHT GRIFFITHS, GUARDIAN AD LITEM, APPELLEE.
17 N. W. 2d 155

FILED JANUARY 10, 1945. No. 31870.

*Gerald M. Mullen, John C. Mullen* and *William G. Rutledge,* for appellant.

*Lee Kelligar* and *Fred Hawxby, contra.*

*Dwight Griffiths,* guardian *ad litem.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

WENKE, J.

This cause was previously in this court and is reported as *In re Estate of Jurgensmeier,* 142 Neb. 188, 5 N. W. 2d 233. Thereafter, after the mandate was issued, the district court for Nemaha county remanded the cause to the county court of Nemaha county and it entered a supplemental final decree and order for distribution on October 12, 1943. Appeal was taken therefrom to the district court. The district court entered judgment therein on January 21, 1944. From this judgment Henry Jurgensmeier, executor of the estate of John Jurgensmeier, deceased, appealed to this court. Cross-appeals were taken by John Jurgensmeier, Jr., and Anna Schlosser and Dwight Griffiths, guardian *ad litem* for Joseph Jurgensmeier, incompetent.

For the purpose of this opinion Henry Jurgensmeier, executor of the estate of John Jurgensmeier, deceased, will be referred to as executor and John Jurgensmeier, Jr., Anna Schlosser and Dwight Griffiths, guardian *ad litem* for Joseph Jurgensmeier, incompetent, will be referred to collectively as objectors.

The principal purpose of the executor's appeal is to have us reconsider the findings of fact and questions of law passed upon and determined in the former opinion. Therein the judgment of the lower court was reversed with directions to require the executor to account for the real estate described as the southeast quarter of section 28, township 5, range 14, on the basis of its reasonable value of $16,000, taxing the cost of the appeal in this court to the executor. Mandate was issued thereon. In this situation, under the rulings of this court, the material facts or questions therein determined are conclusively settled. As stated in *Blum v. Truelsen,* 139 Neb. 282, 297 N. W. 136: "It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become *res judicata* and may not again be litigated in a subsequent action.' 30 Am. Jur. 920, sec. 178." See *Bohmont v. Moore,* 141 Neb. 91, 2 N. W. 2d 599; *Callahan v. Prewitt,* 143 Neb. 793, 13 N. W. 2d 660.

The contention that part of the legatees ratified the sale and are now estopped from receiving their distributive share of the funds with which the executor has been surcharged was decided to the contrary in *In re Estate of Jurgensmeier, supra.* As stated therein: "As to the situation of Joseph Jurgensmeier, the incompetent, and his guardian *ad litem,* the unquestioned rule applicable is that neither the incompetent ward nor the guardian of such incompetent possesses the power to consent that the executor of an estate, in which the ward has an interest, may purchase property of the estate, either directly or indirectly; and where the excutor does so purchase the property, the guard-

ian cannot ratify the sale so as to bind the incompetent. *Moore v. Carey,* 116 Ga. 28, 42 S. E. 258; 21 Am. Jur. 734, sec. 629." The same would be true of the guardian of Alice Jurgensmeier, incompetent, and subsequently, after her death, the executor of her estate. As to the other legatees the opinion holds: "We do not overlook the contention that the heirs have ratified the executor's sale under consideration. Undoubtedly certain of them have. * * * In this class of cases, the rule appears to be: 'In this connection it has been held that each of the persons interested has an individual election, and a ratification by some of the heirs or devisees will not preclude a repudiation by the others.' 24 C. J. 637. * * * 'The heirs, therefore, or their assignees, have an election to avoid or confirm the sale. And in doing this, they are not bound to act jointly. Each one has an individual election. If the affirmance of the sale by some, and the avoidance of it by others, will produce a great inconvenience in the final settlement of the estate, it will fall, where it ought, upon the administrator, who has violated his trust and by his wrongful act caused the embarrassment. * * * .' *Litchfield v. Cudworth,* 15 Pick. (Mass.) 23, 31. * * * it was the duty of the executor to account to the legatees named in his final report for such real estate as for personalty in his possession for distribution. He was liable to each of the legatees named in his decedent's will on that basis. And in the instant case, it appearing that the sale by the executor was unlawfully made, that he in fact secured an interest in the property sold by him, and was an indirect purchaser thereof, he is chargeable with, and at the election of the beneficiaries must in his final report account for, the actual value of the property involved which is established by the evidence herein as the sum of $16,000, and not merely with the amount realized at the sale."

With reference to the distribution of these funds, section 30-1302, R. S. 1943, provides in part: " * * * the county court shall, by a decree for that purpose, assign the residue of the estate, if any, to such other persons as are

by law entitled to the same." And section 30-1303, R. S. 1943, provides: "In such decree the court shall name the persons, and the proportions or parts to which each shall be entitled, and such persons shall have the right to· demand and recover their respective shares from the executor or administrator, or any person having the same."

It is the duty of an executor to administer the estate promptly and to distribute the property to those entitled thereto without unnecessary delay. *In re Estate· of Mc-Lean,* 138 Neb. 757, 295 N. W. 273. And it is the duty of the court to protect the interest of all parties, whether actually before the court or not. *Sorensen v. Sorensen,* 68 Neb. 490, 98 N. W. 837.

As to the matter of costs, the rule as stated in 24 C. J., sec. 2532, p. 1058, is generally applicable: "Representatives are personally liable for costs when they unsuccessfully appeal in their own interest from a settlement of their accounts, or when an appeal results from their fault or misconduct, * * * ."

As to costs taxed to the executor personally in the previous appeal of this matter, we stated in *In re Estate of Wilson,* 97 Neb. 780, 151 N. W. 316: "In such a contest, if there has been litigation between the administrator and the heirs of the estate and final judgment determining the liability for costs thereon, the administrator in his final settlement with the estate should be allowed such costs as are adjudged in his favor in such litigation, but not costs adjudged against him therein."

As to the matter of attorneys' fees, both as to counsel for the objectors, including the guardian *ad litem,* and for the executor, the following principles apply:

"The decisions generally sustain the right of an executor or administrator to an allowance of attorneys' fees in a controversy over surcharging his account where the account is upheld, and deny it where the account is not upheld." 21 Am. Jur., sec. 557, p. 694.

" * * * he is not entitled to reimbursements for attorney's fees or other expenditures incurred by him in his

individual contest with the estate." *In re Estate of Wilson, supra.* See, also, *In re Trusteeships under last will of Drake,* 195 Minn. 464, 263 N. W. 439, 101 A. L. R. 801; *In re Guardianship of Morris, ante,* p. 319, 16 N. W. 2d 442.

" * * * no allowance may be made out of the estate of a deceased person for the services of an attorney not employed by the personal representative of the estate unless the services redounded to the interest of all persons interested in the estate and were beneficial to the estate." *In re Estate of Love,* 136 Neb. 458, 286 N. W. 381.

"An estate of a decedent is liable for attorneys' fees for services rendered at the request of a legatee, even when successful, only when the services preserved the estate, added to its value, or were otherwise beneficial to it." *In re Estate of Love, supra.*

"The litigant to whom the fee for services of a guardian *ad litem* shall be taxed as costs depends upon the circumstances of each particular case and the discretion of the court. *Shelby v. Meikle,* 62 Neb. 10, 86 N. W. 939; *Bailey v. Garrison,* 68 Neb. 779, 94 N. W. 990." *Wood Realty Co. v. Wood,* 132 Neb. 817, 273 N. W. 493.

Should interest be charged upon the amount of $6,320 surcharged to the executor because of his sale of the land contrary to the common-law rule that an executor cannot purchase, either directly or indirectly, at a sale of his decedent's land under a power in the will? The latter is the same principle set forth in section 30-1118, R. S. 1943, as to sales authorized by district court. As stated in 4 Schouler, Law of Wills, Executors and Administrators (6th ed.) sec. 2956, p. 2500: "Chancery and probate courts, in modern practice, will compel the executor or administrator to charge himself in his account with interest, * * * where he has abused his trust, or has been guilty of some fault or wrong in its performance." As held in *In re Estate of Wilson, supra:* "The district court also charged him with interest thereon from the time that he improperly obtained credit in the county court therefor, and this interest was also a proper charge."

We have recently held in the case of *In re Guardianship of Morris, supra,* that a guardian is liable for interest on an unauthorized loan from the time it was made. The same reasoning as there discussed is applicable here. Interest is properly chargeable from the date of the executor's unauthorized sale of the premises to his wife.

Applying these principles to the various items in the accounting of the executor, the estate should not be charged with any attorney's fees for the executor in connection with the contest over his final account in which he was surcharged with $6,360. This includes the items of $400 allowed for the services of John C. Mullen and $325 of the amount allowed for the services of William G. Rutledge. It appears from the record that the balance of the fees allowed William G. Rutledge were for the regular administration of the estate. The two items of $26.50 and $26.80 for briefs in the previous appeal of this case are likewise not properly chargeable to the estate. The costs of $26.60 in the district court are not chargeable to the estate but to the executor personally.

Of the costs and expenses allowed the objectors John Jurgensmeier, Jr., and Anna Schlosser in the sum of $129, it includes $52.40 included in the $92.50 taxed to the executor personally in the previous appeal in this matter and not properly chargeable to the estate. The same is true of the $40.10 allowed the guardian *ad litem.*

The record discloses that the objectors, John Jurgensmeier, Jr., and Anna Schlosser, have been allowed $1,200 for legal services in the litigation connected with their objections. We find the reasonable value of these services, including this appeal, to be in the sum of $1,000 and that same is a proper charge against the estate.

The record further discloses that the guardian *ad litem* has been allowed a total of $410 for services for himself in connection with the objections he filed to the final account of the executor. We find that a reasonable fee for his services, including this appeal, to be in the sum of $635, which includes $35 previously allowed, and that the same is a proper charge against the estate.

Therefore, the judgment of the district court is reversed and the cause remanded, with directions to require the executor to account as follows: Balance on hand from the last report as shown by the executor's report dated November 27, 1942, $2,761.92; return of executor's fee, $40; and the difference in the reasonable value of the land sold to executor's wife in the sum of $6,320, as directed by mandate of this court, together with interest thereon at six per cent from March 6, 1939. That there is properly chargeable to said estate and payable out of the funds thereof by the executor: Attorney's fees and expenses to William G. Rutledge, $71.40; county court costs, $131.47; expenses had by the executor, including premiums on his bond, $101.76; John Jurgensmeier, Jr., and Anna Schlosser for services of their attorney in litigation involving their objections, the sum of $1,000 and for expenses connected therewith, $50.70; to Dwight Griffiths, guardian *ad litem* for services, $600; to sheriff Harvey H. Kuenning for costs and expenses, $99.62.

It is further ordered that the balance is to be distributed equally to all of the legatees of the deceased as provided in his last will. The costs of this appeal are taxed to the executor personally.

REVERSED, WITH DIRECTIONS.